UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2009 JAN 30 PM 4:02
LORETTA G. WHYTE
CLERK

| | |
|---|---|
| **Charles Reed**<br>**Plaintiff**<br>**VERSUS**<br><br>**Louisiana Citizens Property Insurance Corporation**<br>**Defendant** | CIVIL ACTION<br><br>No. 09-2299<br><br>SECTION " " ( )<br>SECT. A MAG. 1 |

### SUPPLEMENTAL AND AMENDING COMPLAINT
### PURSUANT TO ORDER OF SEVERANCE DATED JANUARY 8, 2009 (Rec. Doc.41)

**NOW INTO COURT,** through undersigned counsel, comes Charles Reed, who respectfully supplements and amends his or her Complaint as follows:

I.

Made defendant herein is:

1. Louisiana Citizens Property Insurance Corporation, (hereinafter "defendant") a foreign insurer authorized to do and doing business the State of Louisiana.

II.

This Court has personal jurisdiction over this defendant because it was transacting business in this District within the relevant time periods by way of selling insurance policies to Charles Reed. Subject Matter Jurisdiction is proper in this court pursuant to 28 U.S.C. §1332(a) (diversity jurisdiction) because the amount in controversy exceeds the sum of $75,000 and no

-1-

___ Fee____
_✓_ Process____
_X_ Dktd____
___ CtRmDep____
___ Doc. No.____

plaintiff is a citizen of the same state as any defendant.

III.

Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in this District and the defendant regularly transacts business in this District.

IV.

Charles Reed seeks compensatory, statutory and punitive damages from the defendant as a result of its wrongful conduct, for the following reasons, to wit:

## **FACTUAL BACKGROUND**

V.

At all pertinent times, Charles Reed owned immovable property with improvements and personal property at 7630 Bevine, in New Orleans, Louisiana.

VI.

Charles Reed purchased a homeowner's insurance policy (the "All Risk Policy") from the defendant.

VII.

Charles Reed purchased their policy with the reasonable expectation that they would be able to recover for any and all losses to their residence and personal property caused by hurricanes, including any and all damage proximately and efficiently caused by hurricane wind.

VIII.

Charles Reed trusted and relied upon the defendant's representations that the subject policy would cover any damage caused by a hurricane and, thus, reasonably believed that their

Insurance Policy would cover any and all hurricane damage.

IX.

The amount of insurance coverage for Charles Reed was based on the estimated cost of replacing the home and its contents, an amount estimated by the defendant or an agent authorized by them to determine the replacement cost of each individual home and its contents.

X.

At all times relevant hereto, Charles Reed made timely payment of the premiums due on their All Risk Policy, which was in full force and effect at the time of their loss.

XI.

At 6:10 a.m. on August 29, 2005, Hurricane Katrina made landfall near Buras, Louisiana with a central eye pressure equal to a Category 5 hurricane, and then made a second landfall a short time later near the Louisiana-Mississippi border, the eye of the storm passing just east of the City of New Orleans at approximately 9:00 a.m.

XII.

As a result of the effects of Hurricane Katrina, the home and contents of Charles Reed sustained substantial damage.

XIII.

Upon returning to the city and evaluating the damage associated with Hurricane Katrina, Charles Reed instituted a claim for loss pursuant to their insurance policy.

XIV.

Despite presenting satisfactory proofs of loss for damage sustained as a result of the hurricane, the defendant continuously utilized dilatory tactics leading to substantial delays in


adjusting the claims of Charles Reed.

XV.

Additionally, the defendant refused to adequately adjust the claims and make payment of the amount of the claim, despite having been presented with satisfactory proofs of loss for damage sustained as a result of the hurricane.

## COUNT I — BREACH OF CONTRACT

XVI.

Charles Reed repeats and re-alleges the allegations of the foregoing paragraphs as if the same were set forth at length herein.

XVII.

A valid contract exists between Charles Reed and defendant in the form of an All Risk Policy, which obligates the defendant to cover the loss of or damage to a dwelling and personal property therein which is caused by wind or windstorms.

XVIII.

Charles Reed paid all premiums due under their All Risk Policy and materially performed their obligations under that policy.

XIX.

Upon proper and repeated demands by Charles Reed, the defendant has refused to meet its obligations under the All Risk Policy and refused to pay the full extent of damages sustained by the home and contents of Charles Reed as a result of being destroyed or damaged by the efficient proximate cause of windstorms.

XX.

As a direct and proximate result of the breach by the defendant, Charles Reed was deprived of the benefit of insurance coverage for which the defendant was paid substantial premiums and, accordingly, Charles Reed has suffered substantial damages.

XXI.

In addition to deprivation of the benefit of insurance coverage, Charles Reed has endured undue hardship resultant from the defendant's conduct.

XXII.

This undue hardship, which included increased stress, irritability and short temper, was a mental injury that the defendant could reasonably expect a person in such a position to suffer.

XXIII.

Charles Reed avers that the defendant negligently failed to exercise reasonable care in fulfilling its duties to Charles Reed, more particularly, but not limited to:

1. Failing to timely initiate loss adjustment of a claim after notification of loss;
2. Failing to promptly and adequately adjust the claims presented;
3. Failing to submit a timely written offer of settlement;
4. Providing an initial tender of payment at prices below regional commercial standards;
5. Failing to make complete payment after receipt of satisfactory proofs of loss of that claim;
6. Failing to fulfill the terms and conditions of the insurance contract at issue;
7. Failing to exercise reasonable care in the supervision of subordinates and employees;
8. Failing to exercise reasonable care;
9. Breach of express and implied warranties; and
10. Any and all other acts of negligence to be proven at trial.

XXIV.

As a result of the above referenced conduct, Charles Reed has sustained damages in the following non exclusive ways:

1. loss of personal property and property value;
2. inconvenience;
3. loss of use of property;
4. loss of income;
5. loss of profits;
6. loss of business opportunity;
7. Mental anguish;
8. Loss of enjoyment of life;
9. as well as other damages to be proven at trial.

**WHEREFORE**, Charles Reed demands judgment against the defendant for all amounts due under the All Risk Policy, other compensatory damages, interest, attorney's fees, costs, and any further relief this Court deems equitable, just and proper.

## COUNT II — BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

XXV.

Charles Reed repeats and re-alleges the allegations of the foregoing paragraphs as if the same were set forth at length herein.

XXVI.

By selling its All Risk Policy to Charles Reed, the defendant undertook a duty of good faith and fair dealing to Charles Reed, including an obligation to promptly indemnify Charles Reed for the losses.

XXVII.

Upon returning to the city and evaluating the damage associated with Hurricane Katrina,

Charles Reed instituted a claim for loss pursuant to their insurance policy.

XXVIII.

Despite presenting satisfactory proofs of loss for damage sustained as a result of the hurricane, the defendant continuously utilized dilatory tactics leading to substantial delays in adjusting Charles Reed claims.

XXIX.

Additionally, the defendant refused to adequately adjust the claims and make payment of the amount of the claim, despite having been presented with satisfactory proofs of loss for damage sustained as a result of the hurricane.

XXX.

By engaging in the conduct described above, the defendant has violated the duties of good faith and fair dealing owed to Charles Reed.

XXXI.

Moreover, by engaging in the conduct above, the defendant's persistent and systematic actions and failures to act were done with malice and gross negligence and with a disregard for Charles Reed rights so as to warrant the imposition of punitive damages against the defendant.

XXXII.

Additionally, that despite the fact that settlement negotiations have taken place, Charles Reed contends that the defendant has been arbitrary and capricious in the adjustment and handling of this claim pursuant to Louisiana Revised Statute 22:658.

XXXIII.

Charles Reed further contends that the actions of the defendant were arbitrary and

capricious and violated the duty to deal with Charles Reed in good faith in failing to make a reasonable effort to settle its claim pursuant to La. R.S. 22:1220.

XXXIV.

Pursuant to La. Rev. Stat. Ann. § 22:1220(A), the defendant owes Charles Reed a "duty of good faith and fair dealing" as well as a duty to "adjust claims fairly and promptly and to make a reasonable effort to settle claims" with Charles Reed.

XXXV.

La. Rev. Stat. Ann. § 22:1220(B) prohibits the defendant from, inter alia, "[m]isrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue" and "[f]ailing to pay the amount of any claim . . . when such failure is arbitrary, capricious or without probable cause."

XXXVI.

As such, the defendant has breached known duties through a motive of self interest and/or ill will without having a reasonable basis to deny these claims, instead denying claims in an arbitrary and capricious manner and without probable cause.

XXXVII.

By engaging in all of the above conduct, the defendant has engaged in bad faith conduct in violation of La. Rev. Stat. Ann. § 22:658 & § 22:1220.

XXXVIII.

As a direct and proximate result of the defendant's bad faith actions, Charles Reed has suffered, and will continue to suffer, substantial damages.

XXXVIII.

Charles Reed hereby demands trial by jury on all issues so triable.

**WHEREFORE**, Charles Reed prays that the defendant be duly served and cited to appear and answer the Supplemental and Amending Complaint Pursuant to Order of Severance dated January 8, 2009 (Rec. Doc. 41) and for trial by jury; and that after due proceedings, that there be judgment in favor of Charles Reed and against the defendant for damages as are reasonable in the premises with legal interest thereon from date of judicial demand and for all costs of these proceedings, and all general and equitable relief deemed proper by this Honorable Court.

Respectfully submitted:

LAW OFFICE OF JOSEPH M. BRUNO, APLC

BY: _____
JOSEPH M. BRUNO (# 3604)
L. SCOTT JOANEN (# 21431)
855 Baronne Street
New Orleans, LA 70113
Telephone: (504) 525-1335
Facsimile: (504) 581-1493